Mokpht, J.
delivered the opinion of the court.
The plaintiff sued for a settlement of accounts with defendant as managing partner of an association formed between them to carry on the business of brick making. In default of defendant’s rendering such account, it is prayed that he may be decreed to pay $1587, for the value of the services of certain negroes furnished by plaintiff to the concern, and moreover $500 as damages. The answer charges that plaintiff has failed to comply with his engagements to defendant; that he has not furnished any of the things he was bound to provide nor made any of the stipulated advances of funds to the partnership. To this answer are annexed accounts of the receipts and expenditures of the concern and of several sums due by plaintiff to defendant which the latter offers in compensation of all claims against him. He prays judgment for saeh balance as may he found due to him, and for $2000 damages for the violation of the contract on the part of plaintiff. On these pleadings, the matters in dispute were, by consent of parties and under an order of ■court, submitted to James Oooper and Daniel Barbee as amicable compounders ; and it was agreed their report should he made the judgment of the court. The referees made and returned into court in due time their award, decreeing plaintiff to pay to defendant $657 97. Notwithstanding a motion fc> set aside this award, it was homologated and made the judgment of the &mrt below. The plaintiff appealed.
It is not pretended in this case that there has been on tbe part of tbe arbitrators any fraud, misconduct or extreme partiality. It is admitted on the cantraiy that the errors complained of were honest and unintentional; hut it is said that without imputing to them the intention of so doing, yet it is evident that their award exhibits a want of due respect to common and estnb[285] Eshed rules in regard to right and wrong, and that the submission did not authorize them to pass on any other matters or accounts than those of tke partnership. The latter complaint appears to us without foundation. The private claims of defendant against plaintiff were not objected to when included in his reconventional demand, and all the matters in dispute as exhibited by the pleadings were submitted to the amicable compounders; the intention of the parties seems to have been that they should pass upon, and settle all aeeounts whatever between them. As to any errors alleged to havo been committed in this award, even were they as obvious as represented by *175 appellant (which from an inspection of the record we are by no means prepared to admit); we do not feel ourselves authorized to inquire into them. Whatever has been honestly done in relation to the matters actually referred to the decision of the amicable 'compounders, cannot be reversed or altered by a court of justice. Code of Practice, arts. 459 and 4C0; La. Code, arts. 3077, 3096. In Davis v. Leeds, 7 La. Rep. 477, this court said, “ If parties will submit their disputes to be decided by men chosen by themselves as judges, under the appellation of amicable compounders, they must abide their judgments without hopes of having them revised by tho courts of justice, established by the Constitution and laws of the State. Such judges are not required to determine according to the strictness of the law; they are authorized to abate something of this strictness in favor of natural equity.” This, we must presume, the arbitrators have done in this case, as they stand before us acquitted of any improper or corrupt motives in rendering their award.
It is therefore ordered that the judgment of the district court be affirmed, with costs.